IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOB SAVAGE,                                    No. CIV S-07-2624-LKK-CMK-P

    Petitioner,

  vs.                                              FINDINGS AND RECOMMENDATIONS

SUZAN HUBBARD,

    Respondents.

_____/

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 9).  Petitioner filed a response in opposition (Doc. 9).

      I.    BACKGROUND

       This case proceeds on petitioner's original petition filed November 20, 2007.  In his petition, petitioner is challenging the California Board of Parole Hearings' August 23, 2006 decision denying him parole.  Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on May 1, 2007.  The California Supreme Court denied his petition on September 25, 2007, with a citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995).

/ / /

1

II.     MOTION TO DISMISS

Respondent moves this court to dismiss petitioner's petition for failure to exhaust his state court remedies. Petitioner claims he has exhausted his state court remedies by filing his petition with the California Supreme Court.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before the federal court can grant a claim presented in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to

give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

       Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court.  See Castille v. Peoples, 489 U.S. 346 (1989).  Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules.  See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[1]

       In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee.  See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000).  It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident.  See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001).

       In the instant case, the California Supreme Court summarily denied petitioner's habeas corpus petition with a citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995).  Duvall outlines the various procedural requirements for a state habeas petition.  See 9 Cal.4th at 474.  Among other things, the petition must "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of the trial transcripts and affidavits

---

[1] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal.  The former represents an exhaustion problem; the latter represents a procedural default problem.

or declarations." Id.  A failure to comply with this requirement is a pleading defect subject to cure by amendment.

Here, petitioner argues that he sent the California Supreme Court an appendix of exhibits as he did in this court.  Petitioner has even attached as an exhibit what he indicates was the face sheet and index of the appendix he presented to the California Supreme Court.  However, the copy of the appendix face sheet he provided is not a conformed copy.  Had petitioner provided the court with a conformed copy of what he filed with the California Supreme Court, that might have been sufficient to overcome respondent's prima facie showing that he failed to do so.  As it is, respondent has provided proof that no exhibits were filed with the California Supreme Court.  (See Declaration of Dianne Sorbi at 2).  Petitioner's argument and declarations that his wife sent both the petition and exhibits to the California Supreme Court are insufficient to overcome the showing made by respondent.  It remains that regardless of what petitioner believes was sent to the Supreme Court, the only document received by and filed in that Court was petitioner's petition.[2]

Petitioner's argument that Ms. Sorbi's declaration is insufficient to show he failed to send the exhibits to the California Supreme Court is likewise unpersuasive.  He argues Ms. Sorbi's declaration states no exhibits were "attached" to the petition, not that there were no exhibits received or sent.  However, the court does not read the declaration so narrowly.  Ms. Sorbi states that she contacted the California Supreme Court and confirmed that the petition filed with the Court did not contain the referenced exhibits.  In addition, the California Supreme Court's docket shows only a petition filed, and does not show any appendix of exhibits were received and/or filed separately.  Therefore, it appears clear to the undersigned that the exhibits

---

[2] The court takes judicial notice of the California Supreme Court's docket which shows only a petition for writ of habeas corpus was filed in case number S152271.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008) (the court may take judicial notice of matters of public record); Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964) (finding the court may take judicial notice of state court records)

necessary for the California Supreme Court to address petitioner's claims were not available to that Court.

Plaintiff had several options available to him to cure the defects in his state petition. First, he could have obtained a conformed copy of what he filed, both the petition and the exhibits. He also could have contacted the Clerk of the Court to ensure the petition and the exhibits were all received and filed. It appears petitioner did not do so. Then when he received the denial of his petition by the California Supreme Court, with the citation to <u>Duvall</u>, he had the option of curing the procedural defects identified by the Supreme Court. He could have filed a request for reconsideration informing the Supreme Court that he did in fact provide the court with the exhibits supporting his petition. He also could have file a new petition, again making sure the necessary exhibits were filed. Petitioner had one year from the denial of his parole to file his petition with in the state courts. His parole was denied on August 23, 2006. He then filed his petition for writ of habeas corpus with the California Supreme Court on May 1, 2007. Thus, he used a little over eight months of his one year prior to file his original petition. The statute of limitations was then tolled while the petition was submitted to the California Supreme Court. When the Supreme Court issued the denial of his petition on September 25, 2007, he still had over three months to file a new petition with the state court, attaching the necessary documents to support it, before the statute of limitations ran. This was sufficient time for petitioner to cure the defects identified by the California Supreme Court.

Instead of curing the defects in the state courts, petitioner chose to file a new petition in this court. However, as petitioner's state petition was defective, and he was informed of the defects in his state court proceedings, he has not provided the state court with the opportunity to reach the merits of his petition and address his claims in the first instance. See <u>Coleman v. Thompson</u>, 501 U.S. at 732. Absent a "fair presentation" of those claims in the state court, the claims remain unexhausted. Thus, the undersigned finds that the <u>Duvall</u> citation made it clear that petitioner's state habeas petition was denied on the grounds that his pleading was

5

insufficient, and that the court did not reach the merits of the petition. This is a valid basis to conclude that petitioner's claims were not exhausted in the state courts.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss be granted, the petition be dismissed for failure to exhaust, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 24, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE